[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-15023
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-20931-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDY DEVON MCKENZIE,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(August 21, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Sandy Devon McKenzie, who was sentenced as an

armed career criminal, appeals his 235-month sentence following a jury trial for

possession of a firearm, 18 U.S.C. § 922(g)(1), and three counts of drug possession, 21 U.S.C. § 844(a). No reversible error has been shown; we affirm.

We first address McKenzie's argument that application of the armed career criminal enhancement, 18 U.S.C. § 924(e), violated the Fifth and Sixth Amendments pursuant to Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). McKenzie contends that prior convictions that qualified him as an armed career criminal were not alleged in his indictment nor proven to the jury and that, as a result, the district court erred in increasing his sentence beyond the ten-year statutory maximum penalty for a violation of 18 U.S.C. § 922(g)(1). McKenzie concedes that the Supreme Court's decision in Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), "is an impediment to his arguments"; but he asserts that Almendarez-Torres only permits judicial fact-finding about the existence of prior convictions and does not allow "qualitative factual determinations" about prior convictions.[1]

---

[1]Because McKenzie did not object to the convictions listed in his PSI that supported his enhanced sentence as an armed career criminal, McKenzie admitted those facts. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). About his criminal history, McKenzie only objected to assigning criminal history points for two misdemeanor cases that, McKenzie acknowledged, "don't impact [his] classification as an armed criminal." McKenzie also admitted at sentencing that he "qualifie[d] as an armed career criminal."

McKenzie failed to raise a constitutional challenge to his sentence in the district court; so we review his claim only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Therefore, McKenzie must establish "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (internal quotation omitted). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation omitted).

McKenzie has failed to show error here. The Supreme Court's decision in Booker reaffirmed this principle from Apprendi: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." See Booker, 125 S.Ct. at 756. Under Almendarez-Torres, which remains binding precedent, "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005); see also United States v. Orduno-Mireles, 405 F.3d 960, 963 (11th Cir. 2005) (explaining

3

that <u>Almendarez-Torres</u> remains good law "until the Supreme Court determines

that <u>Almendarez-Torres</u> is not controlling precedent") (internal quotation omitted).

The government is not required to prove the nature of a defendant's prior

convictions to a jury beyond a reasonable doubt. <u>United States v. Greer</u>, 440 F.3d

1267, 1275 (11th Cir. 2006). Therefore, a district court can find facts about both

the existence and the nature of a defendant's prior convictions. <u>Id.</u> Because we

continue to follow <u>Almendarez-Torres</u>, the district court did not err, much less

plainly err, in using McKenzie's convictions to enhance his sentence as an armed

career criminal.[2]

McKenzie next argues that a certified copy of a printout of his prior

convictions was not "constitutionally sufficient" to prove his prior convictions.

Again, because McKenzie failed to raise this argument before the district court, we

review it only for plain error. <u>See</u> <u>Rodriguez</u>, 398 F.3d at 1298. Because

McKenzie failed to challenge his prior convictions used to enhance his sentence,

we see no merit in McKenzie's claim.

---

[2]To the extent that McKenzie challenges the application of the 180-month mandatory minimum of 18 U.S.C. § 924(e), we reject this argument as without merit. After <u>Apprendi</u>, the Supreme Court upheld the constitutionality of mandatory minimum sentences, <u>see</u> <u>Harris v. United States</u>, 122 S.Ct. 2406, 2420 (2002); and the Supreme Court has not overruled that decision.

We turn to McKenzie's assertion that his sentence was unreasonable because the district court did not consider adequately the sentencing factors set out at 18 U.S.C. § 3553(a). McKenzie contends that the district court should have considered that he has struggled with drug addiction and that he is a deportable alien who will be subject to harsh prison conditions.

Because McKenzie was sentenced after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), we review his sentence for reasonableness in the light of the 18 U.S.C. § 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that McKenzie's sentence was reasonable. The district court correctly calculated his Guidelines imprisonment range as 235 to 293 months; and the district court sentenced McKenzie to the lowest point of that range. See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The Supreme Court has recently explained that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." See Rita v. United States, 127 S.Ct. 2456, 2462 (2007). In addition, McKenzie's sentence was far less than the statutory maximum sentence of life imprisonment under 18 U.S.C. § 924(e). See United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993).

The district court indicated that it determined McKenzie's sentence after considering statements of the parties, the advisory Guidelines, and the section 3553(a) factors. The district court also stated that McKenzie's sentence was appropriate and reasonable and that sentencing him to the lowest point of his advisory Guidelines range provided a sentence that was sufficient for punishment and deterrence.

The district court judge was not required to discuss all of the section 3553(a) factors at the sentencing hearing. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere

requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors"). Based on the factors outlined in section 3553(a) and our review of the record, we conclude that McKenzie has not carried his burden of establishing that his 235-month sentence is unreasonable.

AFFIRMED.