**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Robert Hal BRAME, aka Thomas Eugene Cavin, aka Richard Allen Crabtree, aka Tom Cavin, aka Derick Robinson, aka Robert Mark McQue, Defendant–Appellant.**

No. 91–9033.

United States Court of Appeals, Eleventh Circuit.

Aug. 17, 1993.

---

Paul Stephen Kish, Federal Defender Program, Inc., Atlanta, GA, for defendant-appellant.

John S. Davis, Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before COX, Circuit Judge, MORGAN and HENDERSON, Senior Circuit Judges.

MORGAN, Senior Circuit Judge:

The defendant entered a plea of guilty on charges of bank robbery, and possession and use of a firearm. On appeal, the defendant challenges the district court's determination that the "offense statutory maximum" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (Supp.1993) is life in prison. We AFFIRM.

## BACKGROUND

The defendant/appellant, Robert Brame, entered a plea of guilty to three counts of a five count superseding indictment. These counts consisted of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); use of a firearm during and in relation to a violent crime, in violation of 18 U.S.C. § 924(c); and being a felon in possession of two firearms, in violation of 18 U.S.C. § 922(g)(1). At Brame's sentencing hearing, the district court found that Brame was subject to the sentence enhancement provisions of 18 U.S.C. § 924(e).[1] Since Brame was subject to an enhancement of his sentence pursuant to § 924(e), the district court applied U.S.S.G. § 4B1.4 in calculating Brame's offense level. U.S.S.G. § 4B1.4[2] provides three alternative methods for calculating the offense level and directs that the greatest offense level be applied. The district court concluded that since § 924(e) authorizes a life sentence, § 4B1.1(A) yielded the greatest offense level of thirty-seven. Accordingly, the district court sentenced Brame to 360 months. Interpretation of the sentencing guidelines is similar to statutory interpretation and is subject to *de novo* review. *Unit-*

---

1. 18 U.S.C. § 924(e) provides that any person who violates 18 U.S.C. § 922(g)(1) [possession of a firearm by a felon] and has three previous convictions for a violent felony or serious drug offense "shall be fined not more than $25,000 and imprisoned for *not less than fifteen years....*"

2. U.S.S.G. § 4B1.4 provides:
   (a) A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.
   (b) The offense level for an armed career criminal is the greatest of:

   (2) the offense level from § 4B1.1 (Career Offender) if applicable; or

| Offense Statutory Maximum | Offense Level |
|---|---|
| (A) Life | 37 |
| (B) 25 years or more | 34 |
| (C) 20 years or more, but less than 25 years | 32 |
| (D) 15 years or more, but less than 20 years | 29 |

(3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence....

The career offender guideline, U.S.S.G. § 4B1.1, applies if: "(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

§ 4B1.1 provides the following offense levels:

ed States v. Goolsby, 908 F.2d 861, 863 (11th Cir.1990).

## DISCUSSION

■ Brame makes two arguments regarding the district court's application of the sentencing guidelines in this particular case. First he contends that since the language of 18 U.S.C. § 924(e) provides only a mandatory minimum sentence of fifteen years and supplies no express maximum sentence, the statutory maximum penalty under § 924(e) is some term of years in excess of fifteen years but not life imprisonment. However, every circuit court of appeals that has addressed this issue has concluded that the maximum sentence authorized under § 924(e) is life imprisonment.[3] *See Walberg v. United States,* 763 F.2d 143, 148–49 (2nd Cir.1985) (penalty statute that fails to provide explicit maximum period of imprisonment implicitly authorizes imposition of a maximum sentence of life); *United States v. Williams,* 892 F.2d 296, 304 (3rd Cir.1989) ("When Congress provided for 'imprisonment of not less than fifteen years [in § 924(e)(1) ],' it meant a maximum of life."), *cert. denied,* 496 U.S. 939, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990); *United States v. Jackson,* 835 F.2d 1195, 1197 (7th Cir.1987), *cert. denied,* 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988); *United States v. Fields,* 923 F.2d 358, 362 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991); *United States v. Tisdale,* 921 F.2d 1095, 1100 (10th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991); *United States v. Blannon,* 836 F.2d 843, 845 (4th Cir.), *cert. denied,* 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988). While this court is not bound by the decisions of other circuits, we feel compelled to adopt the legal precedent established by these cases. Therefore, we hold that the "offense statutory maximum"

under the Armed Career Criminal Act, 18 U.S.C. § 924(e), is life in prison.

This brings us to Brame's second argument, that the rule of lenity, when applied to U.S.S.G. § 4B1.1, requires that the lesser offense level of thirty-four be applied. In *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), the Supreme Court stated that the rule of lenity "means that the court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be no more than a guess as to what Congress intended." *Bifulco,* 447 U.S. at 387, 100 S.Ct. at 2252. According to Brame, § 4B1.1 is ambiguous because a maximum sentence of life fits into two different "offense statutory maximum"[4] categories. Section 4B1.1(A) applies to statutes with an offense statutory maximum of life imprisonment, while § 4B1.1(B) applies to statutes with an offense statutory maximum of "twenty-five years or more". Since a life sentence may also be a sentence of twenty-five years or more, Brame argues that the statute is ambiguous and the lesser offense level, with its corresponding lesser penalty, must be applied.

■ This court must interpret a statute so as to give effect to each of its provisions; any interpretation which renders parts or words in a statute inoperative or superfluous is to be avoided. *United States v. Rawlings,* 821 F.2d 1543, 1545 (11th Cir.), *cert. denied,* 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987). The rule of lenity only serves as an aid for resolving an ambiguity, it is not an inexorable command to override common sense and evident statutory purpose. *U.S. v. Elgersma,* 971 F.2d 690, 695 n. 13 (11th Cir.1992). The rule is satisfied if the words of a statute are given their fair meaning in accord with the manifest intent of the lawmakers. *Id.* While it is true that in many cases, a life sentence can be a sentence of

---

**3.** Some of the decisions cited herein involve the interpretation of 18 U.S.C.App. § 1202(a) (as amended by The Armed Career Criminal Act of 1984) which was the predecessor to 18 U.S.C. § 924(e). However, the relevant language at issue in both statutes is identical.

**4.** The commentary to U.S.S.G. § 4B1.1 defines "offense statutory maximum" as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense."

"twenty-five years of more", in some cases a life sentence will not last more than twenty-five years. Likewise, a sentence of twenty-five years can amount to life in prison. If we were to adopt Brame's argument, § 4B1.1(B) ought to be applied in every life sentence case, and § 4B1.1(A) ought never to be applied. Such an interpretation renders § 4B1.1(A) inoperative.

Furthermore, an offense punishable by life in prison is generally a more serious act than one with a lesser maximum sentence. Common sense dictates that Congress would want to impose a stiffer sentence upon a defendant who has committed a more serious crime punishable by life in prison. Therefore, we hold that § 4A1.1(B) shall apply to any statute which provides a sentence for a certain and fixed number of years in excess of twenty-five but excluding life imprisonment, and that § 4A1.1(A) shall apply to statutes that allow the imposition of a life sentence. Since the "offense statutory maximum" under § 924(e) is a life sentence, the district court did not err in applying an offense level of thirty-seven pursuant to U.S.S.G. § 4A1.1(A).

For all of the foregoing reasons, the judgment of the district court is AFFIRMED.