[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2006
THOMAS K. KAHN
CLERK

No. 05-14425
Non-Argument Calendar
_____

D. C. Docket No. 05-00078-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE N. REED, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(May 16, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

George N. Reed, Jr. appeals his conviction and 140-month sentence for

being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

After review, we affirm.

## I. BACKGROUND

Reed was indicted by a grand jury for being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment alleged that Reed

had been convicted four times of crimes punishable by a term of imprisonment

exceeding one year and listed these convictions:

1. **Delivery of Cocaine (FSA 893.03(2)(a)(4))**, In the Circuit Court of the Ninth Judicial District, In and For Orange County, Florida, Case Number CR-O-94-11390, on or about April 18, 1995;

2. **Delivery of Cocaine (FSA 893.13(1)(a)(1) and Possession of Cocaine (FSA 893.13(1)(f))**, In the Circuit Court of the Ninth Judicial District, In and For Orange County, Florida, Case Number CR91-10272, on or about March 12, 1992;

3. **Possession of Cocaine with the Intent to Sell (FSA 893.13(1)(a)(1)) and Carrying a Concealed Firearm (FSA 790.01)**, In the Circuit Court of the Ninth Judicial District, In and For Orange County, Florida, Case Number CR90-8620, on or about October 17, 1990; and

4. **Armed Robbery (FSA 775.087) and Aggravated Battery (FSA 784.045)**, In the Circuit Court for the Seventeenth Judicial District, In and For Broward County, Florida, Case Number 85-3355CF, on or about September 12, 1985.

Prior to trial, Reed filed a motion to dismiss his indictment, arguing that § 922(g)

was unconstitutional. The district court denied the motion. Reed pled guilty

2

without a written plea agreement.

At the change-of-plea hearing, the government stated that, if the case went to trial, it would prove that on December 11, 2004, Reed had possessed a .22 caliber RG Industries firearm and .38 caliber rounds of ammunition. Reed admitted that he had received the firearm and ammunition from his mother. The ammunition was manufactured outside of the state of Florida. The firearm was manufactured in Florida but had been sent to Texas and sold in Ohio before it ultimately was found in Reed's possession in Florida.

The government also proffered that Reed had been convicted of four separate drug trafficking or violent felony offenses and listed the offenses by case number and date. Reed agreed with the government's statement of facts. When the magistrate judge[1] asked Reed whether he disagreed with any of the facts, Reed's counsel replied that Reed would stipulate only to the fact that he was a convicted felon for purposes of the plea, but not to the actual convictions, which would affect Reed at sentencing.

During the plea hearing, the magistrate judge explained to Reed, inter alia, that due to his prior convictions Reed faced a mandatory minimum fifteen-year sentence and a possible maximum term of life imprisonment.

---

[1] Reed agreed in writing to his plea hearing being held by the magistrate judge.

The presence investigation report ("PSI") set Reed's base offense level at 24 pursuant to U.S.S.G. § 2K2.1. The Criminal History portion of the PSI listed ten prior convictions, including these contained in the indictment: (1) delivery and possession of cocaine on April 18, 1995; (2) delivery and possession of cocaine on March 2, 1992; (3) possession of cocaine with intent to sell and carrying a concealed weapon on October 17, 1990; and (4) armed robbery and aggravated battery on September 12, 1985. Based on Reed's prior convictions, the PSI increased his offense level from 24 to 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A). The PSI also noted that Reed was subject to a mandatory-minimum fifteen-year sentence and a maximum life sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). With a total offense level of 34 and a criminal history category of VI, the PSI's advisory Guidelines range was 262 to 327 months' imprisonment. The government filed a motion for a downward departure under U.S.S.G. § 5K1.1 based on Reed's substantial assistance.

In his written objections, Reed objected to only two convictions listed in the Criminal History portion of the PSI, namely a "Resist/Obstruct Without Violence" conviction on August 24, 1989 and a theft conviction on July 22, 1989, which Reed could not remember. In response to this objection, the Probation Office provided Reed with case progress dockets for each case, and Reed withdrew his

4

objection to these convictions. Reed did not object to, or dispute the nature of, his four convictions listed in the PSI that were also listed in the indictment.

Prior to the sentencing hearing, Reed also filed a sentencing memorandum in which he raised a supplemental objection to being classified as an armed career criminal under 18 U.S.C. § 924(e). Reed argued that increasing his ten-year statutory maximum sentence under § 924(a)(2) to a mandatory-minimum sentence of 15 years and a maximum of life imprisonment under § 924(e)(1) violated his Sixth Amendment rights because during his plea colloquy he did not admit to the prior convictions listed in the indictment and those convictions had not been proven to a jury beyond a reasonable doubt. Although Reed objected to the statutory sentencing enhancement, he did not object to the enhancement of his offense level under U.S.S.G. § 4B1.4(b)(3)(A).

At the sentencing hearing, as in the sentencing memorandum, Reed did not dispute the factual existence of his prior convictions or the nature of those convictions. Instead, Reed objected to the § 924(e) sentencing enhancement because the prior convictions had not been proven to a jury beyond a reasonable doubt. Reed, however, acknowledged that his argument was precluded by the Supreme Court's holding in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998). The district court overruled Reed's objection, noting that

5

the Supreme Court still does not require the government to prove a prior conviction to a jury.[2]

The district court granted Reed's request for an acceptance of responsibility reduction, which brought his total offense level to 32. The district court also granted the government's motion for a downward departure under § 5K1.1 and reduced Reed's total offense level by four additional levels. Reed's total offense level of 28, combined with the criminal history category of VI, produced an advisory Guidelines range of 140 to 175 months' imprisonment. The district court imposed a sentence of 140 months' imprisonment to be followed by a three-year term of supervised release. As a result of the § 5K1.1 reduction, Reed did not receive the mandatory minimum sentence of fifteen years, but received an eleven-year, eight-month sentence. Reed timely appealed.

## II. DISCUSSION

### A. Commerce Clause Challenge to § 922(g)

On appeal, Reed argues that 18 U.S.C. § 922(g) is unconstitutional on its face and as applied to him.[3] Relying on United States v. Lopez, 514 U.S. 549, 115

---

[2]Although the indictment listed the four convictions and Reed did not dispute the existence or nature of those four convictions during sentencing, Reed consistently sought to preserve his Almendarez-Torres issue by not stipulating during the plea colloquy to the nature of the convictions.

[3] We review the constitutionality of a statute de novo. United States v. Scott, 263 F.3d 1270, 1271 (11th Cir. 2001).

S. Ct 1624 (1995), and United States v. Morrison, 529 U.S. 598, 120 S. Ct 1740 (2000), Reed argues that there must be more than a minimal connection between criminal activity and interstate commerce under the Commerce Clause, which renders suspect the "minimal nexus" requirement in Scarborough v. United States, 431 U.S. 563, 575, 97 S. Ct. 1963, 1969 (1977). In addition, Reed argues that the statute is unconstitutional as applied to him because the only evidence connecting the firearm to interstate commerce was that it traveled in interstate commerce at some unspecified time in the past, which is insufficient to show that his own conduct substantially affected interstate commerce.

The problem for Reed is that this Court has already rejected the Lopez arguments Reed advances in United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996). This Court has also rejected arguments that Supreme Court opinions subsequent to McAllister have abrogated our holding. See United States v. Scott, 263 F.3d 1270, 1273-74 (11th Cir. 2001).

Given our precedent, the interstate nexus requirement was satisfied here when the government produced evidence that the gun had been manufactured in Florida, sent to Texas, sold in Ohio, and was later possessed by Reed in Florida, and, thus, had traveled in interstate commerce. Under our undisturbed precedent, this evidence was sufficient to demonstrate the required nexus to interstate

7

commerce.  Accordingly, we affirm Reed's conviction.

## B.      Prior Convictions Enhancement under the ACCA

Reed received two types of sentencing enhancements based on his prior convictions: (1) an increase in his base offense level, pursuant to § 4B1.4(b)(3)(A), for purposes of calculating his advisory Guidelines range; and (2) an increase in his statutory maximum sentence from ten years to life pursuant to 18 U.S.C. § 924(e). Reed has not challenged the Guidelines enhancement either in the district court or on appeal.  Instead, Reed asserts only that the district court erred by enhancing his sentence pursuant to § 924(e).

Under § 924(e), a defendant who violates § 922(g) is subject to a mandatory minimum of fifteen years' imprisonment and a maximum term of life imprisonment if the defendant has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ."  18 U.S.C. § 924(e)(1); United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993) (holding that, although § 924(e) does not specify a maximum sentence, the maximum sentence is life imprisonment).  Citing Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), Reed contends that the district court's § 924(e) enhancement violated his Sixth Amendment rights because it was based on prior convictions neither admitted by him during the plea colloquy nor

8

proven to a jury beyond a reasonable doubt.[4]

Reed's argument is foreclosed by Almendarez-Torres, 523 U.S. at 228, 118 S. Ct. at 1223. The Supreme Court carved out an exception for prior convictions in Apprendi and its progeny Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). This Court repeatedly has explained that, despite speculation about the future viability of Almendarez-Torres, we are bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court. See, e.g., United States v. Greer, 440 F.3d 1267, 1274 (11th Cir. 2006); United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir. 2006). Given our Circuit's precedent, we must also reject Reed's argument that Almendarez-Torres addressed only the Fifth Amendment and not the Sixth Amendment and, thus, does not address situations in which the defendant does not admit the existence of the prior convictions during the plea colloquy. See Gibson, 434 F.3d at 1244; United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005).

We also point out that Reed's three drug convictions and one armed robbery conviction on their face qualified Reed as a career offender under § 924(e)(2) and did not require the district court to go behind the fact of the convictions and

[4]Because Reed timely raised his Apprendi objection in the district court, we review his claim de novo. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

9

examine any other documentation to determine their nature.  On appeal, Reed does not argue that the district court improperly resolved disputed facts "about a prior conviction."  See Shepard v. United States, 544 U.S. 13, __, 125 S. Ct. 1254, 1262 (2005).

Accordingly, we affirm Reed's conviction and sentence.

**AFFIRMED.**