[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-13321
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-80113-CR-DMM

UNITED STATES OF AMERICA,

                                             Plaintiff-Appellee,

                        versus

ERIC D. CLARK,

                                             Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------------------------------------------------

**(June 9, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Eric Clark appeals the 300-month sentence imposed upon his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). No reversible error has been shown; we affirm.

The district court sentenced Clark under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Section 924(e) prescribes the penalty for a defendant who is convicted under 18 U.S.C. § 922(g)(1) of being a felon unlawfully in possession of a firearm and who has three earlier convictions for a violent felony or a serious drug offense. Section 924(e)(1) prescribes a minimum sentence of not less than fifteen years; the authorized statutory maximum is life imprisonment. See United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993) (concluding that the "offense statutory maximum" under the ACCA, 18 U.S.C. § 924(e) is life imprisonment). According to the PSI, Clark had four separate Florida convictions for either sale of cocaine or possession with intent to distribute. Because Clark had three or more convictions for serious drug offenses, he was subject to an ACCA section 924(e) enhancement; U.S.S.G. § 4B1.4 applied to the calculation of his offense level.

Clark objected at sentencing to the ACCA enhancement: he made a constitutional challenge to application of the enhancement without a jury finding

2

on the prior convictions used to support the enhancement. Clark argued that the continued validity of <u>Almendarez-Torres v. United States</u>, 118 S.Ct. 1219 (1998), had been undermined by <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000), and its progeny. In <u>Almendarez-Torres</u>, the Supreme Court rejected the argument that recidivism must be treated as an element of an offense; a sentencing court could use prior convictions for sentencing enhancement purposes. <u>Id</u>. The district court implicitly rejected Clark's <u>Almendarez-Torres</u> argument, applied the enhancement and stated that absent the ACCA enhancement the court would have departed upward given Clark's criminal history.

On appeal, Clark once again maintains that considerable doubt exists about the continued validity of <u>Almendarez-Torres</u>. Clark maintains that the maximum statutory sentence for a section 922(g) violation without the enhancement is 10 years; his 300-month sentence far exceeds this maximum. Clark concedes, however, that his sentence is without reversible error if <u>Almendarez-Torres</u> remains good law. And Clark acknowledges that we have held that <u>Almendarez-Torres</u> remains binding law, but he advances his claim so that the issue may be preserved for subsequent review.

We have rejected on many occasions arguments that <u>Almendarez-Torres</u> has been, in effect, overruled by later Supreme Court decisions. <u>See</u> <u>United States v.</u>

3

Greer, 440 F.3d 1267, 1273-75 (11th Cir. 2006) (reviewing decisions post-Apprendi and its progeny that affirmed the continuing validity of Almendarez-Torres). And though we have noted that recent Supreme Court decisions "may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions," United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n. 3 (11th Cir. 2005), cert. denied, 126 S.Ct. 457 (2005), we have stated repeatedly that "unless and until the Supreme Court specifically overrules Almendarez-Torres, we will continue to follow it." Greer, 440 F.3d at 1273.

The Supreme Court has issued no decision overruling specifically Almendarez-Torres; it remains binding precedent. The district court did not err in using Clark's prior convictions to enhance his sentence under the ACCA.

AFFIRMED.

4