[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 07-10811
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00024-CR-1-MP-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE LEE ANDERSON,

Defendant-Appellant.

------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

------------------------------------------------------------------

**(March 11, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Eddie Lee Anderson appeals his conviction for

possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§

922(g), 924(e), and his 294-month sentence. No reversible error has been shown; we affirm.

Anderson argues that the district court erred, under Fed.R.Evid. 403, in admitting evidence of an uncharged firearm that was discovered next to the ammunition because the probative value of the firearm was outweighed by its unduly prejudicial effect. He argues that the firearm was likely to inflame the jury.[1]

After receiving an anonymous tip about Anderson and drug activity at a hotel, law enforcement officers searched his hotel room. The search revealed, among other things, a handgun next to a magazine loaded with several rounds of ammunition in the drawer of a night stand.[2] Anderson filed a motion in limine to exclude evidence of the firearm at trial; but the district court denied the motion, concluding that the firearm's admission would not violate Rule 403.

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006), cert. denied, 127

---

[1] Anderson also states that admission of the firearm violated his right to a fair trial under the Due Process Clause. But he fails to elaborate on this claim or provide legal support for it; so, he has waived appellate review of it. See United States v. Gupta, 463 F.3d 1182, 1195 (11th Cir. 2006), cert. denied, 127 S.Ct. 2446 (2007) (where a party fails to provide arguments on the merits of an issue and makes only passing reference to it in the initial brief, the argument is deemed waived).

[2] The government did not charge the firearm offense because the firearm was manufactured in Florida -- the state where the arrest occurred -- and had not traveled in interstate commerce.

S.Ct. 1305 (2007). We will reverse an evidentiary ruling only when it has affected a defendant's substantial rights. United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004).

Under Fed.R.Evid. 404(b), evidence of uncharged crimes "is not admissible to prove the character of a person in order to show action in conformity therewith," but it is admissible to show, among other things, proof of motive and knowledge. Fed.R.Evid. 404(b). Evidence of uncharged crimes is not extrinsic under Rule 404(b) in three situations: (1) the uncharged offense arose out of the same transaction as the charged offense, (2) it is necessary to complete the story of the crime, or (3) it inextricably is intertwined with the evidence about the charged offense. Wright, 392 F.3d at 1276 (citation omitted). And an uncharged crime about the chain of events explaining the context properly is admitted if linked in time and circumstances with the charged crime, or if it forms an integral and natural part of an account of the crime to complete the story of the crime for the jury. Id. (citation omitted).

Here, evidence of the firearm inextricably was intertwined with evidence of the ammunition because the two were found together in the same place. Id. The presence of the firearm also tends to show Anderson's knowledge of and motive for possessing the ammunition and aids in explaining the context of the crime to

3

the jury. Even though evidence of the uncharged firearm was otherwise admissible, it should be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403. But Rule 403 is an extraordinary remedy that should be used sparingly. Wright, 392 F.3d at 1276 (citation omitted). Here, the firearm did not create a danger of unfair prejudice because it was not likely to inflame--for example, highly excite anger in--the jury. And no issue of misleading the jury existed because the district court cautioned the jury that Anderson was on trial only for the specific crime charged in the indictment.[3] Accordingly, we conclude that evidence of the uncharged firearm was admissible under Rules 403 and 404(b).

Anderson also argues that his 294-month sentence was unreasonable because it was greater than necessary to accomplish the goals of sentencing, and he submits that the 15-year mandatory minimum sentence would have sufficiently addressed the sentencing factors of 18 U.S.C. § 3553(a). In addition, he argues

---

[3] Anderson argues that his situation is similar to the one in United States v. Hands, 184 F.3d 1322, 1327-28 (11th Cir. 1999), where we concluded that spousal abuse evidence was irrelevant in a drug trafficking case, and even if it was relevant, its minimal probative value was outweighed by its prejudicial nature. But Hands is inapposite here because evidence of the firearm was relevant to show motive to possess the ammunition. And graphic spousal abuse evidence is more likely to inflame a jury than a firearm.

4

that the district court did not adequately consider all the section 3553(a) factors and, instead, unjustifiably relied on only the punishment factor.

Because Anderson was sentenced after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), we review his sentence for reasonableness in the light of the section 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "Review for reasonableness is deferential"; and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Anderson's sentence was reasonable. The district court correctly calculated his Guidelines imprisonment range as 262 to 327 months based on his classification as an armed career criminal under U.S.S.G. § 4B1.4(b)(3)(A); and the district court sentenced Anderson to the middle point of

that range.  Id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").  The Supreme Court recently has explained that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."  See Rita v. United States, 127 S.Ct. 2456, 2462 (2007).  In addition, Anderson's sentence was far less than the statutory maximum sentence of life imprisonment under 18 U.S.C. § 924(e).  See United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993).

The district court explained that it had considered the section 3553(a) factors and all applicable guidelines, statements and policies.  In concluding that the sentence was appropriate, the court noted the violent nature of Anderson's several previous offenses, which included a domestic violence charge and other offenses involving weapons.  The district court's statement of reasons was sufficient.  See Rita, 127 S.Ct. at 2468-69 (a lengthy explanation is not necessarily required when a judge decides to follow the Guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant); United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that Booker does not require the district court to state on the record

6

that it has explicitly considered each section 3553(a) factor). Based on the factors

outlined in section 3553(a) and our review of the record, we conclude that

Anderson has not carried his burden of showing that his sentence was

unreasonable.[4]

   **AFFIRMED.**

---

[4]In considering Anderson's violent criminal history, the district court did not rely on an impermissible sentencing factor. See § 3553(a)(1) (court can consider the history and characteristics of the defendant when imposing sentence) Thus, his reliance on United States v. Aaron Williams, 456 F.3d 1353, 1366 (11th Cir. 2006), where a district court impermissibly considered its personal disagreement with Congress's judgment about how much harsher the penalties for crack offenders should be, is misplaced. Anderson also cites United States v. Marcus Williams, 435 F.3d 1350 (11th Cir. 2006) where we affirmed a sentence less than half of the lowest sentence within the advisory Guideline range; but this does not suggest that the sentence in Anderson's particular case was unreasonable.