[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16304

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2011
JOHN LEY
CLERK

D. C. Docket No. 07-60051-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH RUFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before DUBINA, Chief Judge, BLACK and FAY, Circuit Judges.

BLACK, Circuit Judge:

Kenneth Ruff appeals his 228-month total sentence, imposed after he pled guilty to various firearm and drug offenses. The Government asserts Ruff should not be able to appeal his sentence because in connection with his guilty plea, Ruff signed an appeal waiver in which he agreed to waive his rights, conferred by 18 U.S.C. § 3742, to appeal any sentence imposed unless the sentence (1) exceeded the statutory maximum, or (2) was the result of an upward departure from the Guidelines range established by the district court at sentencing. After review, we conclude Ruff's appeal waiver was knowing and voluntary, and his sentence is not within either exception to the waiver. Ruff's appeal is barred by the appeal waiver and we dismiss his appeal.

## I. DISCUSSION

*A. Ruff's appeal waiver was knowing and voluntary*

Ruff signed his plea agreement which included an appeal waiver. Upon the court's inquiry at his plea colloquy, Ruff confirmed that (1) he understood that he was giving up his right to appeal any sentence imposed by the court; (2) he had discussed with his attorney the advantages and disadvantages of giving up his right to appeal his sentence; (3) his attorney had answered all of his questions on this matter; (4) he had not been forced to give up his statutory right to appeal; (5) his attorney had explained the right to appeal to him; and (6) he wished to give

up his statutory right to appeal, subject to the terms and conditions contained in the plea agreement. The record supports a determination that Ruff understood the full significance of the appeal waiver, and he knowingly and voluntarily waived his right to appeal, subject to the terms and conditions contained in the waiver. *See United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997) ("Waiver will be enforced if the government demonstrates *either*: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.").

*B. Ruff's sentence does not fit within the exceptions contained in the waiver*

The appeal waiver provides two exceptions that allow Ruff to pursue an appeal–if his sentence (1) exceeded the statutory maximum, or (2) was the result of an upward departure from the Guidelines range established by the district court at sentencing.

*1. Ruff's sentence does not exceed the statutory maximum*

Ruff asserts his sentence is an exception to the appeal waiver because it exceeds the statutory maximum. Ruff pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Three); possession with intent to distribute marijuana, in violation of § 841(a)(1) (Count Four);

possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Five); and possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Six). The statutory maximum for Counts Three and Four is 20 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). The statutory maximum for Count Five is life imprisonment. *See United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000) (stating "every conviction under § 924(c)(1)(a) carries with it a statutory maximum sentence of life imprisonment"). Further, the statutory maximum for Count Six is life imprisonment because Ruff was classified as an armed career criminal. *See* 18 U.S.C. § 924(e); *United States v. Harrison*, 558 F.3d 1280, 1282 n.1 (11th Cir. 2009) ("Although the [Armed Career Criminal Act] does not contain an express maximum sentence, this Court has held that the 'maximum sentence authorized under § 924(e) is life imprisonment.'" (quoting *United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993))).

Ruff was sentenced to 19 years' imprisonment, which is below the statutory maximum for all four counts of which he was convicted. Ruff's sentence does not fit into this exception to the appeal waiver.

*2. Ruff's sentence was not an upward departure from the Guidelines range*

Ruff further contends his sentence was an upward departure from the advisory Guidelines range. Ruff's advisory Guidelines range, based on a total offense level of 34 and a criminal history category of VI, was 262 to 327 months' imprisonment. Ruff received a below-Guidelines sentence of 228 months' imprisonment, consisting of 168 months' imprisonment for Counts Three, Four and Six, with a consecutive sentence of 60 months' imprisonment for Count Five. Ruff's sentence was below the Guidelines range and was not the result of an upward departure from the Guidelines range.

Ruff asserts we should look at the merits of his claim that the district court erred by imposing consecutive mandatory sentences under 18 U.S.C. § 924(c) and 18 U.S.C. § 924(e) in contravention of the text of the statute, as we did in another appeal waiver case, *United States v. Segarra*, 582 F.3d 1269 (11th Cir. 2009). We conclude *Segarra*[1] does not apply because Ruff was given a below-Guidelines

---

[1] In *Segarra*, the plea agreement permitted Segarra to appeal if the sentence imposed exceeded the Guidelines range. Segarra contended he could appeal because his consecutive sentences under 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 924(c) resulted in an overall term of imprisonment that exceeded the Guidelines range. The *Segarra* court thereafter permitted his appeal and looked at the merits of his claim. *Segarra*, 582 F.3d at 1271-72.

sentence.[2] Ruff's sentence was not an upward departure from the Guidelines range, and his sentence does not fit into this exception to the appeal waiver.

## II. CONCLUSION

In conclusion, Ruff knowingly and voluntarily waived his right to appeal. His sentence is both below the statutory maximum and the advisory Guidelines range. Accordingly, we dismiss this appeal as barred by Ruff's appeal waiver.

**DISMISSED.**

---

[2] Additionally, Ruff's argument the district court erred by imposing consecutive mandatory sentences under § 924(c) and § 924(e) is foreclosed by the Supreme Court's decision in *Abbott v. United States*, __ U.S. __, 131 S. Ct. 18, 31 (2010).