[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12159
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00026-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASPER FULTON,
a.k.a. Jap,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(March 5, 2015)

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Jasper Fulton appeals his 100-month sentence for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On appeal, Fulton argues that the district court procedurally erred by applying a career-offender-adjusted base offense level of 32, pursuant to Sentencing Guideline § 4B1.1(b)(3). He argues that, because it is ambiguous whether Congress intended for that enhancement to apply here, the rule of lenity requires us to hold that the district court should have applied a base offense level of 29, pursuant to USSG § 4B1.1(b)(4). Beyond that, Fulton argues that the district court erred by treating the Sentencing Guidelines as mandatory rather than advisory, in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). After careful consideration, we affirm.

## I.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). "On appeal, the party challenging the sentence bears the burden to show that it is unreasonable." United States v. Cubero, 754 F.3d 888, 893 (11th Cir.), cert. denied, 135 S. Ct. 764 (2014). We must consider several factors to determine if a sentence is procedurally reasonable, including whether the district court improperly calculated the Guideline range, treated the Guidelines as mandatory, or failed to consider the 18 U.S.C. § 3553(a) factors. Gall, 552 U.S. at

51, 128 S. Ct. at 597.  "A court that misinterprets or misapplies the Guidelines inherently abuses its discretion."  United States v. McQueen, 670 F.3d 1168, 1169 (11th Cir. 2012).  As such, "we review the district court's factual findings for clear error, and its interpretation and application of the Guidelines de novo."  Id.

## II.

The district court did not procedurally err in applying a career-offender-adjusted base offense level of 32.  The career offender Guidelines found in Section 4B1.1(b) establish the base offense levels based on the maximum sentence permitted under the statute of conviction.  In relevant part, § 4B1.1(b) provides that, if the statutory maximum for the conviction is "20 years or more, but less than 25 years," offense level 32 applies to career offenders.  Id. § 4B1.1(b)(3).  By contrast, if the statutory maximum is "15 years or more, but less than 20 years," offense level 29 applies to career offenders.  Id. § 4B1.1(b)(4).  The application notes define statutory maximum as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record."  Id. § 4B1.1, comment. n.2.

The statutory maximum for distribution of cocaine base clearly falls within § 4B1.1(b)(3)'s bounds.  Under § 841(b)(1)(C), a person convicted of a controlled-

substance offense involving a schedule II controlled substance, such as cocaine base, "shall be sentenced to a term of imprisonment of not more than 20 years." By precluding sentences "more than 20 years," the statute plainly allows for 20-year sentences. That 20-year maximum unambiguously falls within the "20 years or more" language from § 4B1.1(b). This conclusion is confirmed by this Circuit's precedent. In United States v. Rogers, 228 F.3d 1318, 1328–30 (11th Cir. 2000), we observed that the 20-year maximum sentence under Section 841(b)(1)(C) falls within the Section 4B1.1(b)(3) range for career-offender-enhancement purposes. See id. at 1330.

Because the statute Fulton challenges is unambiguous, the rule of lenity does not apply. Under the rule of lenity, we "'will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be no more than a guess as to what Congress intended.'" United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993) (quoting Bifulco v. United States, 447 U.S. 381, 387, 100 S. Ct. 2247, 2252 (1980)). However, although "[t]he rule of lenity only serves as an aid for resolving an ambiguity, it is not an inexorable command to override common sense and evident statutory purpose." Id. This being the case, in order to invoke the rule of lenity, "there must be a 'grievous ambiguity or uncertainty in the statute.'" United States v. Maupin, 520 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (quoting Muscarello v. United

States, 524 U.S. 125, 139, 118 S. Ct. 1911, 1919 (1998)).  There is no grievous ambiguity or uncertainty regarding whether § 4B1.1(b)(3) or (4) applies to the statutory maximum term of imprisonment of "not more than 20 years" provided in § 841(b)(1)(C).  The district court did not err.

## II.

We review claims of Booker error raised for the first time on appeal for plain error.  United States v. York, 428 F.3d 1325, 1335 (11th Cir. 2005) (per curiam).  Under plain-error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights."  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quotation omitted).

There is no reason to think the district court plainly erred by treating the Guidelines as mandatory here.  In United States v. Smith, 480 F.3d 1277 (11th Cir. 2007), the defendant argued that the district court erred by treating the Guidelines as mandatory and making factual findings that were used to enhance his sentence. Id. at 1281.  We concluded that, from our review of the transcript of the sentencing hearing, "it [was] clear that the district court considered the Guidelines to be

advisory." <u>Id.</u> (emphasis omitted).  We noted that "the district judge explicitly stated that she had consulted the 'advisory range'" and "considered the factors set forth in 18 U.S.C. § 3553(a) in arriving at a sentence." <u>Id.</u>  We concluded that the record therefore "showed that the district court understood the Guidelines to be advisory." <u>Id.</u>

Likewise here, it is clear from the transcript of this sentencing hearing that the district court knew the Guidelines were advisory, and not mandatory.  As the district court specifically stated:

> Having considered the government's motion for sentence reduction for substantial assistance pursuant to USSG Section 5K1.1 and 18 USC Section 3553(e) the Court departs downward from the <u>advisory</u> sentencing range and commits you to the Bureau of Prisons for a period of 100 months.  Since the sentence ordered by the Court is within an <u>advisory</u> guideline range that is greater than 24 months the Court is required to state the reason for the sentence.  The Court imposed a sentence of 100 months, after considering the <u>advisory</u> sentencing range, the sentencing factors found at 18 USC Section 3553(a) and having made an individualized assessment based on the facts presented.

Sentencing Tr. 8–9, Apr. 22, 2014, ECF No. 44.  Fulton has not shown that the district court erred under the first prong of plain-error review.

**AFFIRMED.**

6