[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10444

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVON SHOLTZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:06-cr-14061-KMM-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Javon Sholtz appeals his sentence of 30 months' imprisonment and lifetime supervised release, minus the term of imprisonment, imposed following the revocation of his supervised release for violating Florida's child abuse laws. Sholtz argues that the district court erred in imposing a lifetime term of supervised release, minus the term of imprisonment, because it exceeds the statutory maximum under 18 U.S.C. § 3583(h). He also argues that his sentence was substantively unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors and that he had already completed a state prison term for the conduct that led to revocation.

I.

If a party does not raise the legality of a sentence imposed upon revocation of supervised release, we review for plain error. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). Under plain error, we may correct an error if the defendant demonstrates that (1) there was an error, (2) the error was plain, (3) the error affects the defendant's substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation or judicial proceedings. *United States v. Moore*, 22 F.4th 1258, 1264-65 (11th Cir. 2022).

A district court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release.  18 U.S.C. § 3583(e)(3).  The court may also require the defendant serve a term of supervised release after imprisonment, but the supervised release term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  *Id.* § 3583(h).

Section 3583(b) provides the authorized terms of supervised release and states that "except as otherwise provided," the term of supervised release for Class A or B felonies is not more than five years.   18 U.S.C. § 3583(b)(1).   The former statutory maximum penalty for a violation of § 841(a) involving 5 grams or more of crack cocaine was 40 years' imprisonment, making it a Class B felony.  21 U.S.C. § 841(b)(1)(B) (2007); 18 U.S.C. § 3559(a)(2).  Section 841(b)(1)(B) outlines the penalties for certain violations of § 841(a) and states that "[n]otwithstanding section 3583 of Title 18," any sentence for a violation of § 841(a) involving the quantities specified under § 841(b)(1)(B) shall include at least four years of supervised release where the defendant does not have a prior conviction for a serious drug felony or serious violent felony. 21 U.S.C. § 841(b)(1)(B).  We have also held that a statute that does not have a maximum term of imprisonment authorizes a term up to life. *See United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir.

4                  Opinion of the Court                22-10444

1993) (holding that 18 U.S.C. § 924(e) authorizes life imprisonment even though the statute does not expressly state a maximum).

In *Sanchez*, we construed a different subsection of § 841 that contained similar language regarding supervised release and held it, not 18 U.S.C. § 3583(b)(2), controls the length of supervised release for a § 841(a) conviction. *United States v. Sanchez*, 269 F.3d 1250, 1287-88 (11th Cir. 2001) (*en banc*), *abrogated in part on other grounds by United States v. Duncan*, 400 F.3d 1297 (11th Cir. 2005). We reasoned that § 3583(b)(2) limited the maximum term of supervised release for a Class C felony to three years "[e]xcept as otherwise provided" and that § 841(b)(1)(C) expressly "otherwise provide[s]" for a supervised release term of "at least three years." *Id.* (quotation marks omitted, alterations in original). We found that to interpret § 3583(b)(2) as creating a maximum term of supervised release of three years would render the words "at least" in § 841(b)(1)(C) superfluous. *Id.* We also found that the legislative history of both statutes indicated that Congress did not intend for a term of supervised release under § 841(b)(1)(C) to be limited to three years, as it would be if § 3583(b)(2) controlled. *Id.* We also relied on decisions from other circuits in concluding that § 3583(b)(2) did not limit the term of supervised release authorized in § 841(b)(1)(C) and that a term of supervised release over the minimum in § 841(b)(1)(C) may be imposed notwithstanding the limits in 18 U.S.C. § 3583(b). *Id.* at 1287-88. Notably, Congress amended 21 U.S.C. § 841(b) after *Sanchez* to clarify that the supervised release terms that it prescribed applied "[n]otwithstanding section

3583 of Title 18." *Compare* 21 U.S.C. § 841(b)(1) (2000), *with* 21 U.S.C. § 841(b)(1) (2002).

Here, Sholtz has not shown plain error because 21 U.S.C. § 841(b)(1)(B) controls the term of his supervised release and authorizes up to life because it provides no maximum term. As this Court concluded in Sanchez, the limits on a supervised release term in § 3583(b) did not apply to Sholtz's conviction under § 841(a) because § 841(b)(1)(B) expressly otherwise provided for a supervised release term of at least four years. *Sanchez*, 269 F.3d at 1287; see also 21 U.S.C. § 841(b)(1)(B). Furthermore, the amendments to § 841(b) after *Sanchez* to clarify that the supervised release terms that it prescribed apply "[n]otwithstanding section 3583 of Title 18" reinforced the holding in *Sanchez* that the limits in § 3583(b)(2) do not apply here. *Compare* 21 U.S.C. § 841(b)(1) (2000), with 21 U.S.C. § 841(b)(1) (2002). Finally, the district court was authorized to impose a supervised release term of up to life, minus any term of imprisonment imposed upon revocation, because 21 U.S.C. § 841(b)(1)(B) provided no maximum term of supervised release. *See Brame*, 997 F.2d at 1428; *Sanchez*, 269 F.3d at 1287-88. Thus, Sholtz has not met his burden in showing that the district court erred, much less plainly erred, in imposing a term of supervised release for life, minus any term of imprisonment imposed upon revocation.

## II.

We review the reasonableness of a sentence upon revocation of supervised release for abuse of discretion. *United States v.*

*Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).  The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

The district court must evaluate all the § 3553(a) factors, but the weight accorded to each factor is within the sound discretion of the district court.  *United States v. Ramirez-Gonzales*, 755 F.3d 1267, 1272-73 (11th Cir. 2014).  However, the district court need not explicitly address "each of the § 3553(a) factors or all of the mitigating evidence," but rather acknowledgment by the court that it considered the § 3553(a) factors and the parties' arguments is sufficient.  *United States v. Taylor*, 997 F.3d 1348, 1354-55 (11th Cir. 2021).  We do not formally presume that a within-guideline range sentence is reasonable, but we generally expect it to be so.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The Sentencing Guidelines provide that a sentence imposed upon revocation should sanction primarily the defendant's "breach of trust" for failing to abide by the conditions of the court order ordered supervision, while also accounting for, to a limited degree, the seriousness of the underlying violation and criminal history of the violator.  U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b).

Here, Sholtz's sentence is substantively reasonable. It was within the district court's discretion to heavily weigh Sholtz's

history of violence and to impose a 30-month imprisonment sentence followed by a term of lifetime supervised release, minus the imprisonment term, when Sholtz had already served his sentence for the underlying state offense because a sentence imposed upon revocation of supervised release is intended as a sanction for the defendant's breach of trust. The district court relied on several § 3553(a) factors, namely Sholtz's lengthy criminal history, the nature and circumstances of Sholtz's present violation of child abuse and the trauma that it would cause the victim, Sholtz's history of domestic battery involving his sister, and the need for deterrence and to protect the public due to these violent offenses, stating that there is some conduct that does not require lifetime supervision, but Sholtz's does. Although the court did not explicitly mention the factors highlighted by Sholtz, such as how he otherwise complied with his conditions of supervised release such as maintaining a job and having a negative urinalysis, it was not required to do so and instead was permitted to focus on his past history of domestic battery and his most recent child abuse conviction. *See Taylor*, 997 F.3d at 1354. The district court's decision to heavily weigh Sholtz's history of violence was within its discretion. *Ramirez Gonzalez*, 755 F.3d at 1272-73. Finally, the 30-month sentence was within the guideline range of 24 to 30 months' imprisonment, which this Court generally expects to be reasonable. *Hunt*, 526 F.3d at 746. In addition, as a sentence imposed for a revocation of supervised release is intended as a sanction for the defendant's breach of trust and to run consecutively to the sentence imposed for the violative conduct, it was not unreasonable for the court to impose a sentence

followed by a term of lifetime supervised release when Sholtz had already served his sentence for the underlying state offense. U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). Further, as described above, the term of supervised release was within the statutory range. Therefore, the district court did not abuse its discretion, and Sholtz's sentence is substantively reasonable.

**AFFIRMED.**