United States Court of Appeals,

Eleventh Circuit.

No. 94-3616.

UNITED STATES of America, Plaintiff-Appellee,

v.

JAMES SYDNEY BOISJOLIE, Defendant-Appellant.

Feb. 12, 1996.

Appeal from the United States District Court for the Northern District of Florida. (No. 94-03250\LAC), Lacey A. Collier, District Judge.

Before ANDERSON and BLACK, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Appellant James S. Boisjolie appeals the sentence imposed upon revocation of his supervised release. As the district court properly interpreted § 7B1.1 of the United States Sentencing Guidelines in sentencing Boisjolie, we affirm.

## I. BACKGROUND

In 1990, Boisjolie was convicted in federal court of 6 counts of interstate transportation of stolen motor vehicles and sentenced to 30 months' imprisonment and 3 years' supervised release. One of the conditions of his supervised release was that he not violate any federal or state law. In 1994, the Government filed a petition in federal court alleging that Boisjolie had violated several conditions of his supervised release, including a conviction in an Alabama state court for theft by deception. This crime carries a maximum sentence of 20 years' imprisonment under Alabama law; however, as Boisjolie had previous felony convictions in Alabama, the court sentenced him under Alabama's Habitual Felony Offender

Act which carries a maximum sentence of life.

Following a hearing on the Government's petition, the district court found that Boisjolie's Alabama conviction constituted a Grade A violation of his supervised release as defined in § 7B1.1 and sentenced him to 24 months' imprisonment. Boisjolie argues that the district court should have found this conviction to be a Grade B violation instead. He contends the district court erred in determining the violation grade by applying the maximum sentence under the Habitual Felony Offender Act rather than the maximum sentence for theft by deception. The Government responds that the district court properly followed the plain language of the Sentencing Guidelines.

## II. STANDARD OF REVIEW

A district court's interpretation of the Sentencing Guidelines is reviewed *de novo*. *United States v. Camacho,* 40 F.3d 349, 353 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1810, 131 L.Ed.2d 735 (1995).

## III. DISCUSSION

Section 7B1.1 of the Sentencing Guidelines provides for three grades of supervised release violations. This section states in relevant part:

(1) *Grade A Violations*—conduct constituting ... (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

(2) *Grade B Violations*—conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year....

United States Sentencing Commission, *Guidelines Manual,* § 7B1.1(a)(1) and (2) (Nov. 1994).

While Boisjolie violated his supervised release by committing a crime typically punishable by a term of imprisonment not exceeding 20 years, he was sentenced under Alabama's Habitual Felony Offender Act which carries a maximum sentence of more than 20 years. No case law exists in this or any circuit addressing violation grades under § 7B1.1 when a defendant has been sentenced under a state's habitual offender act. We therefore must decide as a matter of first impression whether the "conduct constituting any ... state ... offense punishable by a term of imprisonment...." under § 7B1.1 refers solely to Boisjolie's commission of the crime of theft by deception, or his commission of the theft as a habitual offender.

Boisjolie's criminal conduct was not merely the commission of the crime of theft by deception, but rather his commission of the theft as a habitual offender. As a result, his offense was punishable under the Habitual Felony Offender Act by a term of imprisonment exceeding 20 years. Using the maximum sentence under the Habitual Felony Offender Act in determining Boisjolie's violation grade is consistent with the Sentencing Guidelines' objective of achieving proportionality in sentencing through tailoring a punishment to fit the individual criminal and the crime committed. U.S.S.G. Ch. 1, Pt. A, intro. comment., at 2. The district court correctly used the maximum sentence under the Habitual Felony Offender Act rather than the maximum sentence for theft by deception in determining Boisjolie's violation grade pursuant to § 7B1.1. Although the district court had the discretion to sentence him below the recommended guideline maximum,

it did not abuse its discretion in declining to do so.

## IV. CONCLUSION

We conclude that the district court properly used the maximum sentence under Alabama's Habitual Felony Offender Act in determining that Boisjolie's Alabama conviction constituted a Grade A violation of his supervised release pursuant to § 7B1.1.

AFFIRMED.