NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0159n.06

No. 10-2307

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Feb 08, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT LEE CHILDRESS, JR., | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before:  CLAY, ROGERS, and DONALD, Circuit Judges.

**BERNICE B.  DONALD, Circuit Judge**.  Defendant-Appellant Robert Lee Childress, Jr.,

challenges the reasonableness of his revocation sentence after he violated the terms of his supervised

release.  He alleges that the district court: (1) miscalculated the violation grade of his state

convictions for the purpose of determining his Guidelines policy statement range; (2) improperly

sentenced him to a term of imprisonment above the Guidelines range; and (3) improperly imposed

his sentence consecutive to rather than concurrent with his state sentences.  For the following

reasons, we AFFIRM.

I.

On October 17, 2000, a federal grand jury indicted Childress on one count of bank fraud, 18

U.S.C.  § 1344, and two counts of making false statements, 18 U.S.C.  § 1014.  These charges

stemmed from Childress's scheme to defraud several Michigan banks and a car dealership by using fraudulent checks and misrepresenting his credit history and social security number in order to secure loans. On February 28, 2002, Childress pled guilty to Count 2 of the Indictment, which charged him with making false statements about his poor credit history in order to secure a loan from a bank. At a sentencing hearing held June 13, 2002, the district court sentenced Childress to eleven months imprisonment consecutive to any state sentence, restitution in the amount of $1,454.00, and a five-year term of supervision upon his release from prison. As a condition of Childress's supervised release, the district court admonished that "[t]he defendant shall not commit another federal, state or local crime" while on supervised release.

On March 8, 2006, a United States probation officer filed a revocation petition alleging that Childress violated the terms of his supervised release by committing another crime. Specifically, the petition alleged that on December 13, 2005, Childress pled guilty in the Michigan Third Judicial Circuit Court to passing a check with insufficient funds over $500. At a hearing on May 9, 2007, the district court decided not to revoke Childress's supervised release based on this violation, instead ordering four months home confinement and continuing the original term of supervised release imposed on June 13, 2002.

On June 15, 2010, a United States probation officer filed a second revocation petition against Childress, again alleging that he committed crimes in violation of the terms of his supervised release. According to this petition, Childress was convicted of crimes in two Michigan counties while on supervised release. On September 25, 2008, Childress was convicted in Oakland County, Michigan,

of Larceny by Conversion $20,000.00 or More and Possession of a Motor Vehicle with intent to Pass False Title.  Both charges stemmed from Childress fraudulently obtaining a clear title on a vehicle and then attempting to sell it.  For these offenses, the Michigan court sentenced Childress to a concurrent term of imprisonment of 4 years and 6 months-30 years as well as restitution in the amount of $56,530.42.  Also, on May 18, 2010, Childress was convicted in Macomb County, Michigan, on one count of False Pretenses $20,000.00 or More.  The petition did not elaborate on the facts of this conviction. For the Macomb County offense, Childress received a sentence of 19-120 months, to run concurrent with the Oakland County sentence.

On September 30, 2010, the district court held a hearing on Childress's alleged supervised release violations.  At the hearing, the district court pointed out that the policy statement range for Childress was 15-21 months based on his Grade A violation and his criminal history category of II. Childress argued that his violations were Grade B because the statutory maximums were 10 years. For Grade B violations his policy statement range would be 6-12 months.  The district court rejected this argument, finding the statutory maximum for one of Childress's state convictions was 30 years based on the enhancement he received as a habitual offender.  During his allocution, Childress explained that he did not believe that he had committed any crimes and that there were no "victims" of his alleged activities.  After explaining that it found Childress's conduct while on supervised release "about as close to incorrigible as I have seen," the district court varied upward from the Guideline range and sentenced Childress to three years in prison to run consecutive to any state sentences.  On October 4, 2010, Childress timely filed a Notice of Appeal.

II.

We review revocation sentences under the deferential abuse of discretion standard, which asks whether the sentence is both procedurally and substantively reasonable. *Gall v. United States,* 552 U.S. 38, 51 (2007). A sentence is procedurally unreasonable if the district court fails to calculate or improperly calculates the Guidelines range, treats the Guidelines as mandatory, does not consider the applicable Guidelines range or the other factors listed in 18 U.S.C. § 3553(a), selects a sentence based on clearly erroneous facts, or does not explain the sentence—including any variance from the Guidelines range. *Id.*; *United States v. Taylor*, 648 F.3d 417, 422 (6th Cir. 2011). Substantive unreasonableness occurs when the district judge chooses the sentence arbitrarily, bases it on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any one factor. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008).

A.

Childress argues that the district court incorrectly determined his violation grade by considering the enhancement of his state sentence for habitual offender status rather than focusing only on the sentence that would be imposed for his crimes alone—a challenge to the procedural reasonableness of the sentence. Under § 7B1.1(a) of the Sentencing Guidelines, supervised release

violations are classified by three grades—A, B, or C—based on the violating conduct.[1] Where there

are multiple violations, the most serious grade controls for revocation purposes. U.S.S.G. §

7B1.1(b). The violation grade impacts a defendant's policy statement range. *See Id.* § 7B1.4.

Childress insists his Michigan convictions were Grade B, not Grade A, because the sentence for his

conduct alone, without consideration of the serial offender enhancement, would have been less than

20 years.[2]

While we have never directly addressed whether a habitual offender enhancement affects the

determination of a Guidelines policy statement range for revocation sentences, we have considered

the use of such enhancements in the other sentencing contexts. In *United States v. Crace*, 207 F.3d

833 (6th Cir. 2000), the defendant claimed that the district court's classification of his conduct was

incorrect because the district court referenced his prior criminal record to determine whether his

conduct constituted a felony, which the defendant claimed was impermissible double counting. The

Sixth Circuit disagreed, noting that the higher penalty for defendants with prior convictions

---

[1](1) Grade A Violations – conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;
    (2) Grade B Violations – conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;
    (3) Grade C Violations – conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

[2]Larceny by conversion when the value of the stolen property is $20,000 or more carries a penalty of no more than ten years. Mich. Comp. Laws §§ 750.362, 750.356(2)(a).

evidences Congress' belief that a defendant's prior drug convictions affect the severity of a subsequent drug possession offense. The district court's use of Crace's prior drug convictions to establish the offense level of his positive drug screen and his criminal history category was not impermissible double counting. These prior convictions were used to establish both the wrongfulness of the instant offense and the defendant's potential for recidivism. Because the base offense and the criminal history category are intended to reflect different concerns, we hold that the district court properly considered defendant's prior convictions in its sentencing.

*Id.* at 838. While Childress has not made a double counting argument in this case, the reasoning in *Crace* is instructive—enhancements for prior offenses are part of the conviction for calculating a subsequent supervised release violation.

Moreover, other circuits to address this question have concluded that a sentencing enhancement is part of the conviction. See *United States v. Trotter*, 270 F.3d 1150 (7th Cir. 2001). In *Trotter*, the Seventh Circuit held that enhancements for prior convictions should be used to determine violation grades. The *Trotter* court asked "how can one determine whether an offense is 'punishable' by a particular term without considering all of the ingredients that set the maximum punishment?" *Id.* at 1154. It went on to conclude that:

[USSG 7B1.1] Application Note 1 to tells the district judge to consider what the person on supervised release *did*, rather than what crimes he has been charged *with*. Revocation of supervised release, in other words, proceeds on real-offense rather than charge-offense principles. A judge engaged in real-offense sentencing does not ignore prior offenses that affect the maximum punishment; recidivist enhancements are part of real-offense sentencing.

*Id.* at 1155 (emphasis in origianl).

Similarly, the Eleventh Circuit upheld using the maximum sentence under a habitual offender statute, rather than the maximum sentence for the crime alone, when determining a violation grade for a supervised release revocation. *United States v. Boisjolie*, 74 F.3d 1115 (11th Cir. 1996) (per curiam). In *Boisjolie*, the court noted that using the enhancement "is consistent with the Sentencing Guidelines' objective of achieving proportionality in sentencing through tailoring a punishment to fit the individual criminal and crime committed." *Id.* at 1116.

This case is no different than *Trotter* and *Boisjolie*. Michigan law provides for increased penalties when a person with two or more prior felonies commits another felony. *See* Mich. Comp. Laws §§ 769.11, 769.12. The Michigan court applied this enhancement when it sentenced Childress for the Oakland County larceny offense. Childress's "criminal conduct was not merely the commission of the crime[s] . . . but rather his commission of the [crimes] as a habitual offender." *Boisjolie*, 74 F.3d at 1116. *Crace*, *Trotter*, and *Boisjolie* all make clear that the district court was correct to determine Childress's violation grade based on the sentence he received as a serial offender. We agree with the Seventh and Eleventh Circuits that a defendant's violation grade for revocation purposes is based on his sentence including any applicable habitual offender enhancement, not merely the sentence for the criminal act alone. The district court's determination of the violation grade of Childress's sentence in Oakland County was therefore not procedurally unreasonable.

B.

Childress avers that "the district court failed to explain why a sentence above the policy range was sufficient, but not greater than necessary to satisfy the sentencing factors of 18 U.S.C. [§] 3553." Childress's assertion appears to challenge the procedural reasonableness of the sentence in that it questions whether the district court adequately explained the sentence and variance from the Guidelines range. *See Taylor*, 648 F.3d at 422.

The record must contain sufficient evidence to demonstrate that the district court considered the relevant 18 U.S.C. § 3553(a) factors. *United States v. Yopp*, 453 F.3d 770, 774 (6th Cir. 2006) (citing United States v. McBride, 434 F.3d 470, 476 n. 3 (6th Cir. 2006)).[3] "The district court 'need not explicitly reference each of the § 3553(a) factors' in its sentencing determination; but there

[3]Section 3553(a) requires a district court to consider the following factors:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement (A) issued by the Sentencing Commission . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

must be 'sufficient evidence in the record to affirmatively demonstrate the court's consideration of them.'" *Johnson*, 640 F.3d at 203 (quoting *McBride*, 434 F.3d at 475 n.3). On the other hand, "if a sentence is outside the advisory range, the court is required by statute to state 'the *specific reason* for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements].'" *Id.* at 205 (quoting 18 U.S.C. § 3553(c)(2)) (emphasis in original).

Childress's sentence is procedurally reasonable because the district court adequately explained the basis for the sentence and its reasons for departing upward from the Guideline range. During the sentencing hearing, the district court explained its reasoning as follows:

> Well, the Court is to consider, along with other factors enumerated in the sentencing statute, the policy guideline range that's been determined by the Court to be 15 to 21 months in length, and in addressing the statutory factors, the first among those factors called upon the Court is for the general circumstances of the violation, seriousness and the background character of the defendant.
>
> The nature of the violation is whether it is a Grade A or Grade B, the most serious violation that an individual on supervised release can commit. The number one condition, which says, shall not commit another criminal offense, state or federal, and in this case is was not just one, but two convictions that have been committed, and as Ms. Reynolds pointed out, not just two convictions of various felonies, but fraud related felonies, the same kind of conduct that resulted in the conviction in this case in the first place, and to further aggravate the seriousness of the violations, we had Mr. Childress on violation before, and continued the supervision, gave him the benefit of the doubt, and trusted that – that his ability and his capacity to function successfully and productivity [sic] was because of his intelligence, I agree he has. He gave me some hope that rehabilitation could occur, and he could be a contributor rather than a taker in society, but that just hasn't happened, and this [is] just about as close to incorrigible as I have seen, and the Court has to account for that assessment I think in the sentence to be imposed here.
>
> Also the Court needs to consider a sentence that would adequately deter Mr. Childress from further criminal conduct. Given the history, one wonders how high

you have to go to achieve that. The fact that this criminal activity could occur while on supervision here is somewhat astounding.

I recognize that he has not killed anybody, and he has not inflicted serious physical harm, but he defraud[ed] people, whether they were lenders or citizens really I think hardly matters. The fact that people in our society are expected to be free from stealing, defrauding others, and so obviously a significant period of time is required to satisfy those conditions.

Rehabilitation efforts might be undertaken during his term of confinement, and likewise, just to provide protection to the people in the community who would be at risk unless he is discharged from custody with a whole different attitude.

So accordingly and pursuant to the Sentencing Reform Act of 1984, the Court will revoke supervision. I'm going to order that you serve three years in the custody of the Bureau of Prisons. That will be consecutive to the length that you are serving in the State of Michigan.

Throughout its explanation, the district court indicated that it considered the factors of § 3553(a). It drew attention to the repeat characteristic of Childress's offenses; it highlighted the previous leniency it had shown Childress; it recognized that Childress's actions did produce victims; and it noted that any penalty was necessary to deter Childress and protect the public from further acts of fraud.[4] The district court's explanation of the sentence makes it clear that it considered the required factors. *See United States v. Washington*, 147 F.3d 490, 491-92 (6th Cir. 1998).

Furthermore, the district court provided specific reasons why an upward departure from the Guidelines range was "sufficient, but not greater than necessary" to fulfill the purposes of sentencing

---

[4]At the original sentencing on June 13, 2002, the district court told Childress: "I hope that you understand, Mr. Childress, that as these convictions pile up, your risk of long term confinement is increasing, and in fact the likelihood of long term confinement is increasing if you continue to hatch schemes and play out these scams in the future."

set forth in the § 3553(a) factors. The district court labeled Childress's conduct while on supervised release "incorrigible," and it expressed astonishment that "this criminal activity could occur while on supervision." The district court further observed that the repeat nature of Childress's offenses warranted a sentence above the Guidelines range to deter Childress from future criminal conduct. Moreover, the Guidelines specifically provide that an upward departure may be warranted where the defendant's original conduct or prior supervised release violations were sentenced leniently. *See* USSG §§ 7B1.4 n. 4; 7B1.3 n. 1. Childress's sentence was procedurally reasonable because the district court sufficiently explained the reasons for the sentence.

## C.

While Childress's brief does not explicitly challenge the substantive reasonableness of his sentence, to the extent he implicitly raises the issue we find the argument without merit. For substantive reasonableness review, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. While sentences within the Guidelines range can be presumed reasonable, courts may not apply a presumption of unreasonableness to sentences outside the Guidelines range. *Id.* A reviewing court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* Finally, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Considering the totality of the circumstances surrounding Childress's revocation sentence, the district court did not impose a substantively unreasonable sentence. Childress had three convictions while on supervised release, all involving crimes similar to his original federal conviction. The district court previously gave Childress the benefit of the doubt and maintained his supervised release. In imposing a sentence of three years when Childress's Guidelines range was 15-21 months, the district court sought to impose a sentence that would adequately deter Childress from further criminal conduct given his history of recidivism. This was not an abuse of discretion.

D.

Childress contends that it was unreasonable for the district court to run his sentence consecutive to the state sentences. We review a district court's decision to impose a sentence consecutive or concurrent under the abuse of discretion standard. *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). A district court "does not abuse its discretion when it 'makes generally clear the rationale under which it imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense.'" *Id.* (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)).

Section 7B1.3(f) of the Sentencing Guidelines instructs that:

> [a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

The policy statements included in Chapter 7 of the Sentencing Guidelines, such as § 7B1.3, are not mandatory and do not limit the sentencing discretion of district courts. *United States v. Gibbs*, 506 F.3d 479, 487-88 (6th Cir. 2007). Nonetheless, district courts must consider the factors enumerated in § 3553(a) when determining whether to impose a sentence consecutive to or concurrent with an undischarged prior sentence. *Berry*, 565 F.3d at 342. The district court does not need to state a specific reason for applying a consecutive sentence and does not abuse its discretion when it "makes generally clear the rationale under which it has imposed the consecutive sentence." *Johnson*, 640 F.3d at 209 (quoting *Owens*, 159 F.3d at 230).

The previous section's analysis of the procedural and substantive reasonableness of Childress's revocation sentence in light of the § 3553(a) factors is also applicable in determining the reasonableness of the consecutive nature of his sentence. The district court provided a clear rationale for ordering Childress's revocation sentence to run consecutive to his state sentences. The district court highlighted several circumstances warranting a tough sentence: (1) the similarities between the original conduct and the conduct that led to revocation; (2) the previous revocation hearing where the district court elected not to revoke Childress's supervised release; (3) the incorrigibleness of Childress's conduct; (4) the need to deter future criminal conduct; and (5) society's expectation to be free from stealing and not be defrauded. The district court found that a "significant period of time is required to satisfy those conditions." The district court reasonably considered the sentencing factors of § 3553(a). It concluded that a consecutive sentence was necessary and outlined the reasons for its decisions. This was not an abuse of discretion.

III.

Because we find that the district court did not abuse its discretion in determining the violation grade of Childress's state offenses, ordering an above-Guidelines sentence of thirty-six months, or ordering a federal sentence consecutive to Childress's state sentences, we affirm the district court's judgment of sentence.