**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0281n.06

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

Nos. 13-3754/3755

**FILED**
Apr 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| CHARLES A. GRIFFIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**OPINION**

**Before:** **MOORE and COLE, Circuit Judges; DRAIN, District Judge.**[*]

**GERSHWIN A. DRAIN, District Judge**. In this consolidated appeal, Defendant Charles Griffin appeals the 24-month consecutive sentence imposed upon the revocation of supervised release in connection with a 2005 conviction for bank fraud and identity theft. He also appeals a 60-month sentence imposed after he pled guilty to two counts of bank fraud in 2012. For the reasons that follow, we **AFFIRM**.

**I. BACKGROUND**

In January of 2007, Griffin was sentenced to a 70-month term of imprisonment and a 3 year term of supervised release after entering a plea of guilty to various bank fraud offenses. Griffin began his term of supervised release in October of 2010. On September 30, 2011, Griffin was arrested in connection with various supervised release violations, including use of illicit drugs and

---

[*]The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

-1-

traveling outside of the district without permission. At the revocation hearing, Griffin admitted to three Grade C supervised release violations. The district court continued the revocation proceedings to give Griffin an opportunity to continue working on his sobriety based on his representations that the positive drug tests reflected only lapses in his recovery process. Thereafter, the proceedings were adjourned due to Griffin's hospitalization for stroke-like symptoms and again to permit him time to attend to medical needs concerning a potentially serious heart condition.

At a hearing in December, the district court heard evidence concerning five additional violations of supervised release which had been alleged by Griffin's probation officer. Griffin admitted four of the additional violations, the district court found Griffin in violation of the fifth and set a sentencing hearing. The sentencing hearing was continued based upon the filing of new state criminal charges against Griffin in the Cuyahoga County Common Pleas Court.

On March 13, 2012, a federal grand jury returned an Indictment charging Griffin with bank fraud, in violation of 18 U.S.C. § 1344, in connection with a scheme and artifice to defraud Key Bank by means of false and fraudulent pretenses in December of 2011.[1] On April 30, 2012, a two-count Superseding Indictment was filed, charging Griffin with an additional count of bank fraud stemming from his purported scheme to defraud First Merit Bank during November of 2011. On June 29, 2012, Griffin entered guilty pleas to both counts pursuant to a Rule 11 Plea Agreement. On March 7, 2013, the district court filed a Notice of Possible Upward Departure pursuant to Fed. R. Crim. P. 32(h). The probation officer's April 2013 presentence reports also identified various factors "that may warrant departure outside of the advisory guideline range . . . ."

On May 23, 2013, the district court conducted sentencing proceedings for the supervised

---

[1]The Cuyahoga County Common Pleas Court dismissed the charges upon the filing of the federal Indictment.

release violations and the new conviction for bank fraud. The district court began by stating: "I'm going to incorporate in some ways a consolidated reasons for the Court's sentence . . . as it relates to both the underlying case, the so-called new conviction in this matter, as well as the various facts and circumstances that give rise to the Court's sanction in the supervised release matter." The district court determined that Griffin's base offense level was 7. Based on the total loss of $51,151.88, there was a six-level increase for an adjusted offense level of 13. Griffin was given a downward adjustment for acceptance of responsibility to arrive at an adjusted offense level of 11. Therefore, with a criminal history category of VI, Griffin's advisory guideline range was 27-33 months of imprisonment. Neither the government nor Griffin objected to the guideline calculations. Griffin's counsel addressed the district court and requested a sentence within the advisory guideline range. Griffin was then permitted to allocute.

In reaching its sentencing decision, the district court began by referring to the probation officer's supervised release violations report which "provided some extremely detailed information about the history and characteristics of the defendant and about his conduct while on supervised release." Next, the district court undertook a lengthy discussion concerning Griffin's extensive criminal history, which began at age 21 and spans some 30 years for "forgeries and passing bad checks . . . reminiscent of what he's here before me on again." The district court noted that:

> [A]s I've touched on, the lengthy history of this defendant and the crimes that he has committed, and at what loss to both individuals and financial institutions. It's substantial to say the least.

The district court also referred to the underlying conviction and sentence giving rise to the supervised release violation proceedings, noting that Griffin served a 70-month prison sentence[2] in connection with that conviction. The district court went on to state:

> All of those things, that criminal record, indicates that this defendant is certainly a high risk offender and it is an individual who has just been unable, unable at any time, to live a law-abiding life. And he certainly is an individual who is more likely than not going to continue constantly violating the law and committing these types of crimes.

> Why do I say that? We will fold in now and discuss his supervised release. As I've indicated, all of the criminal conduct that's on this underlying case occurred at the same time he's being supervised by this Court and the Court is making efforts, primarily the probation department - - I give them credit for their efforts here.

The district court also noted Griffin's educational, medical and social history. It further discussed Griffin's representations during the revocation proceedings that he was doing well in recovery when in fact he "continued to abuse drugs, eventually absconded from the program" and that it had given Griffin an opportunity to attend to his medical needs concerning a blocked artery, yet he "had not scheduled any follow-up medical appointments."

The district court ultimately concluded that an upward departure was warranted and departed upward 6 levels.

> [W]e have given every, every opportunity to try to amend his behavior. And he will not do so. That is the nature and circumstances of his history and his characteristics. And that in fact outlines the need for the sentence imposed.
> There is in fact - - if there is any disparity as it is relates to the sentence in this case, 27-33 months is the guidelines. And the recommendation for an upward departure of four levels is generous indeed based upon this defendant's history and characteristics. And there is really

_____

[2]Griffin's 70-month prison sentence represented a 6-level upward departure, which this Court upheld as reasonable based on Griffin's "extensive criminal history [and] the district court's finding that he was likely to reoffend[,]" among other reasons. *See United States v. Griffin*, 530 F.3d 433, 441 (6th Cir. 2008).

nothing that anyone can do, as I've outlined in his record, that will deter him from continuing to commit crimes.

　　　*　　　　　　　*　　　　　　　*

There is no reason – this 27 to 33 months is in no way sufficient but not greater than necessary to meet the purposes of the sentencing statute.
In this case there is such a high need to protect the public and provide adequate deterrence, just punishment. Nothing will deter this individual. Not even the threat of going back to prison while on supervised release has deterred him.

Over defense counsel's objection, the district court sentenced Griffin to a term of 60 months imprisonment for the new conviction.

The district court also revoked Griffin's supervision and imposed a 24 month sentence to run consecutive to the 60 month sentence. The district court stated: "He will be sentenced to two years consecutive and not concurrent with the 60 months that I've earlier imposed, for all of the reasons that I've outlined earlier, all the efforts that were made on supervised release, his - -I've already stated it for the record. It is part of the record by way of the reports from the probation officer and all the other matters." Defense counsel did not object to the imposition of the consecutive sentence.

## II. DISCUSSION

### A.

We review sentences for procedural and substantive reasonableness. *United States v. Collington*, 461 F.3d 805, 807-08 (6th Cir. 2006). A sentence is procedurally unreasonable if the court committed serious procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -including an explanation for any deviation from the Guidelines range." *Gall v. United*

*States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). A sentence is substantively unreasonable if the district court "selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008).

**B.**

Griffin argues that the district court erred by running the sentence for his new bank fraud conviction consecutively to the sentence imposed for his supervised release violations because it failed to consider § 5G1.3(c) and its factors.

The district court may impose a concurrent, partially concurrent, or consecutive sentence when a defendant is serving an undischarged prior sentence. *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011) (citing 18 U.S.C. § 3584(a)). The district court is required to consider the factors listed in 18 U.S.C. § 3553(a) and should also consider the relevant Guidelines recommendations and policy statements. *Id.* However, the district court's rationale need not be explicitly stated, rather it may incorporate by reference a discussion from other sources, such as the presentence report. *See United States v. Berry*, 565 F.3d 332, 342-43 (6th Cir. 2009). The district court may also incorporate its rationale for choosing the consecutive sentence for the supervised release violations with its rationale for imposing a substantive sentence. *See Johnson*, 640 F.3d at 208 (finding that the district court's rationales were "intertwined").

The district court's decision to impose consecutive sentences is usually reviewed for an abuse of discretion. *Berry*, 565 F.3d at 342. A district court does not abuse its discretion if "it makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense." *Id.* The district court's

discretion is not "unfettered and the record on appeal should show that the district court turned its attention to § 5G1.3(c) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence." *Id.* The Commentary to § 5G1.3(c) states in relevant part:

> In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:
>
> (i)      the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));
> (ii)     the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
> (iii)    the time served on the undischarged sentence and the time likely to be served before release;
> (iv)    the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
> (v)     any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

§ 5G1.3(c), Application Note 3(A) to Sentencing Guidelines.

We conclude that the district court did not abuse its discretion by imposing a consecutive sentence for Griffin's supervised release violations.[3] The district court's rationale was based on the extent and seriousness of his criminal history, failure to respond to multiple drug treatment opportunities, coupled with his ongoing criminal conduct during the revocation proceedings and need to protect the public from his harmful conduct. The district court reviewed the § 3553(a) factors, including his education, medical, social and criminal history, as well as the nature and circumstances of the offense, including his continued pattern of bank fraud activities. *See* 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A). The Court's emphasis on Griffin's recidivism and inability "to lead a law-abiding life[,]" despite previously serving a lengthy federal sentence, demonstrates that the

---

**3**The Government maintains that the plain-error standard of review applies because Griffin failed to object to the consecutive sentence. However, since we conclude that Griffin fails to satisfy the easier abuse of discretion standard, we need not resolve which standard governs here.

district judge considered the need "to afford adequate deterrence" and "to protect the public from further crimes . . . ." 18 U.S.C. §§ 3553(a)(2)(B) and (a)(2)(C).

Moreover, the district judge was intimately aware of Griffin's previous federal conviction and sentence for bank fraud and identity theft because the district judge presided over those proceedings. As such, remand to the district court to consider § 5G1.3(c)'s factors is unwarranted as the Court considered these factors in determining Griffin's sentence.

We upheld a consecutive sentence under similar circumstances in *United States v. Berry*, 565 F.3d 332 (2009). In *Berry*, the defendant argued that the district court erred in sentencing him to a 360-month sentence, which was to run consecutive to a term of imprisonment imposed upon his violation of probation related to a state offense. *Id.* at 335. In concluding that the defendant's sentence was reasonable, we noted that while the district judge's statement concerning whether the sentence should run concurrently or consecutively was brief, the statement "in conjunction with the court's invocation of Section 3553(a), as well as its reference to [the defendant]'s criminal record . . . is sufficient to demonstrate the imposition of the consecutive sentence was reasonable." *Id.* at 343. Moreover, we held that the district court was not required to repeat its § 3553(a) analysis in its consideration of the consecutive or concurrent nature of the sentence; "[r]equiring district courts to conduct a separate Section 3553(a) analysis . . . would be repetitious and unwarranted . . . ." *Id.*

Similarly, in *United States v. Childress*, 468 F. App'x 471 (6th Cir. 2011), we affirmed the imposition of a consecutive sentence where the district court highlighted the circumstances warranting a consecutive sentence, including: (1) similarities between the original conduct and the conduct giving rise to the revocation, (2) the incorrigibleness of the defendant's conduct, (3) the need to deter future criminal conduct, and (4) society's expectation to be free from being defrauded.

*Id.* at 479. Like the circumstances in *Childress*, the district judge determined that a significant amount of time was necessary to satisfy its concerns.

Based on the foregoing considerations, the consecutive nature of Griffin's 24-month sentence was not an abuse of discretion.

**C.**

Griffin argues his 60-month sentence, representing a 6 level upward departure, is substantively unreasonable. He maintains that the district court gave unnecessary weight to his criminal history particularly in light of the fact that he was already a category VI, or the highest criminal history category. Griffin also argues that the district court failed to consider the need to avoid unwarranted sentencing disparities among defendants with records who have been found guilty of similar conduct. He points to the district court's knowledge that a more culpable co-defendant with a similar history category only received a forty month sentence.

18 U.S.C. § 3553(c)(2) provides in pertinent part:

(c)     Statement of reasons for imposing a sentence. –The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and if the sentence–

(2)     is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment, except to the extent that the court relies upon statements received in camera[.]

Additionally, Advisory Sentencing Guideline § 4A1.3(c) provides:

WRITTEN SPECIFICATION OF BASIS FOR DEPARTURE. –In departing from the otherwise applicable criminal history category under this policy statement, the court shall specify in writing the following:

(1) In the case of an upward departure, the specific reasons why the applicable

criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.

This Court employs an abuse of discretion standard when reviewing sentencing decisions. *Gall*, 552 U.S. at 47 n. 3. In reviewing for substantive reasonableness, we must consider the sentence imposed in the light of the "totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We "may consider the extent of the deviation," when reviewing for substantive reasonableness, "but [we] must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id*.

In reviewing the reasonableness of an upward departure, the factors to consider "include the seriousness of the defendant's past criminal conduct, the likeliness of recidivism, prior similar adult conduct not resulting in criminal convictions, previous lenient sentences for offenses, whether the sentence will have a deterrence on future criminal conduct, the necessity of isolating the defendant from the community and the length of time necessary to achieve rehabilitation, if rehabilitation is possible." *United States v. Thomas*, 24 F.3d 829, 833 (6th Cir. 1994). The district court must "explain the reasons justifying a departure and, second, evidence of those reasons must appear in the record." *United States v. Smith*, 474 F.3d 888, 894 (6th Cir. 2007), *abrogated on other grounds, Gall*, 552 U.S. at 50.

Here, the district court thoroughly reviewed the § 3553(a) factors and explicitly stated its reasons for the upward departure. Specifically, Griffin's lengthy and serious criminal history, his failure to respond to numerous drug treatment programs, and his ongoing pattern of fraudulent

conduct while under supervision by the probation department were factors supporting an upward departure. The district court's emphasis on Griffin's high rate of recidivism and inability to live a law-abiding life made him a danger to the public, and provided sufficient reasons for the 60 month sentence. *Thomas*, 24 F.3d at 833 (noting that "[a]n unusually high likelihood of recidivism is also a valid factor upon which to base an upward departure.").

Additionally, this Court has repeatedly held that a score far in excess of Criminal History Category VI's threshold of 13 points may warrant an upward departure. *Id*. at 832-33 (43 criminal history category points); *see also United States v. Belanger*, 892 F.2d 473, 475-76 (6th Cir. 1989) (29 criminal history category points). Here, the district court concluded that Griffin's criminal history score of 15 severely under-represented the seriousness of his criminal history. It is noteworthy that when Griffin was sentenced in 2007 for bank fraud and identity theft, his criminal history score was 29 points, however at the time he was sentenced for the 2012 bank fraud conviction, several prior convictions were not included due to their age.

The district court considered the seriousness of Griffin's past criminal conduct, spanning some 30 years, and the likelihood that Griffin would re-offend based on his lengthy criminal history and conduct during the revocation proceedings. The district court also determined that an upward departure was necessary to achieve deterrence, and exact just punishment, as well as was necessary in order to isolate the defendant from the community. The district judge further determined the length of time necessary to achieve rehabilitation by stating "[i]t is an upward variance . . . and believe me, based upon his record and history and his conduct, I think 60 months may be–hopefully it is sufficient." Lastly, the district court also specified in writing the specific reasons for the upward departure in a four-page "Statement of Reasons."

### III. CONCLUSION

Because we conclude that Griffin's sentence is both procedurally and substantively reasonable, the district court's judgment of sentence is AFFIRMED.