[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12123
Non-Argument Calendar
_____

D.C. Docket No. 6:03-cr-00109-CEM-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY I. CADE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 20, 2019)

Before WILLIAM PRYOR, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Danny I. Cade appeals his 33-month sentence, imposed upon revocation of supervised release, under 18 U.S.C. § 3583(e).  On appeal, Cade argues the district court improperly determined that his violation of supervised release for possession of a firearm by a convicted felon was a Grade A violation because it was not alleged in the petition for revocation as "new criminal conduct."  We affirm.

## I.    BACKGROUND

In 2003, Cade pleaded guilty to possessing five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to 151 months imprisonment followed by five years of supervised release.  The terms of his supervised release required, inter alia, that he "not commit another federal, state, or local crime," that he "not illegally possess a controlled substance," and that he "not possess a firearm, destructive device, or any other dangerous weapon."  In August 2017, while Cade was on supervised release, the United States Probation Office petitioned the court to issue a warrant, alleging that Cade had violated the terms of his supervised release.  The petition charged six violations of supervised release that occurred in June and July of 2017.  Violations one and five concerned Cade's conduct occurring on June 9, 2017, and the remainder of the violations concerned Cade's conduct on July 14 and 15, 2017.

Subsequently, Cade was convicted in Orange County, Florida, in two separate cases.  Based on the events that took place on June 9, 2017, Cade was

2

convicted of possession of a firearm by a convicted felon, in violation of Fla. Stat. § 790.23, and possession of cannabis with intent to sell or deliver it, in violation of Fla. Stat. § 893.13(1)(A)(2). Based on events that took place on July 14, 2017, he was also convicted of possession of more than 20 grams of cannabis in violation of Fla. Stat. § 893.13(6)(A).

On May 15, 2018, the district court held Cade's final supervised release revocation hearing. Before the hearing, Cade and the government agreed that he would admit the third and fifth violations of the petition and that the government would dismiss the rest of the violations. The third violation alleged "[n]ew criminal conduct, possession of cannabis (>20 Grams), occurring on July 14, 2017, while on supervision in violation of the conditions of supervision." Violation five alleged

> **Possession of a firearm, ammunition or a destructive device in violation of the conditions of supervision:** On June 9, 2017, in Orlando, Florida, the defendant was observed by Orlando Police Department Confidential Reliable Informant TO2421 in person and on video footage to be in possession of a handgun, which was visibly secured to his hip during a controlled cannabis purchase.

During the revocation hearing, Cade admitted the third and fifth violations. The district court found that Cade had "intelligently, freely, and voluntarily waived his rights in entering this admission and that there is a factual basis for the admission." The district court first noted that both violations appeared to be Grade B violations. The government then explained that it believed the fifth violation

3

would be a Grade A violation based on Note 4 to U.S.S.G. § 7B1.1, which provides for a Grade A violation for possession of certain enumerated firearms. The government also introduced the records of Cade's state court convictions. Cade stated that he did not dispute that "had [Violation 5] been charged [in the petition] as new criminal conduct that it would be a Grade A violation," but that the absence of "new criminal conduct" made Violation 5 a grade B violation. The district court decided that it would not accept Cade's admissions and instead rely on the government's evidence of the violations. Nonetheless, the court found that Cade violated his supervised release. The district court determined that Cade's conduct constituted a Grade A violation, which, combined with a criminal history category of VI, resulted in a guideline range of 33 to 36 months' imprisonment. The district court sentenced Cade to a term of 33 months' imprisonment with no supervision to follow. Cade timely appealed.

## II. DISCUSSION

This Court reviews the reasonableness of a district court's sentence, including a sentence imposed upon revocation of supervised release, for abuse of discretion using a two-step process. United States v. Trailer, 827 F.3d 933, 935–36 (11th Cir. 2016). This Court first determines whether the district court committed a significant procedural error, like miscalculating the advisory guideline range. Id.

4

at 936.  Then this Court asks whether the sentence is substantively reasonable in light of the totality of the circumstances.  Id.

A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release" if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3).  To determine the defendant's sentence following revocation of supervised release, the district court must consider the factors in 18 U.S.C. § 3553(a) and calculate an advisory sentencing range under Chapter 7 of the Sentencing Guidelines.  18 U.S.C. § 3583(c); U.S.S.G. § 7B1.4.

The advisory sentencing range for violation of supervised release is determined based on the grade of the violation as set out in a policy statement to the Sentencing Guidelines.  U.S.S.G. § 7B1.1.  A Grade A violation of supervised release is any conduct constituting either: "(A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves the "possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a)"; or "(B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years."  U.S.S.G. § 7B1.1(a)(1).  A Grade B violation is "any other federal, state, or local offense punishable by a term of imprisonment

5

exceeding one year." U.S.S.G. § 7B1.1(a)(2). A Grade C violation is "a federal, state, or local offense punishable by a term of imprisonment of one year or less, or . . . a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). If there is more than one violation of the conditions of supervised release, the grade of the defendant's violation is determined by the violation with the highest grade. U.S.S.G. § 7B1.1(b). The commentary to U.S.S.G. § 7B1.1 provides that the grade of the violation "does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." U.S.S.G. § 7B1.1, comment. (n.1).[1]

Cade argues that the district court committed procedural error in calculating the guidelines range because Violation 5 of the petition for revocation alleged only possession of a firearm and not "new criminal conduct." He argues that Violation 5 thus alleges a violation of the condition of supervised release prohibiting him from possessing a firearm, rather than the condition prohibiting him from committing any federal or state crime. While the first four violations of the petition did allege "new criminal conduct," the absence of that language in Violation 5 is not determinative. The Guidelines commentary states that a violation of a condition of

---

[1] "Commentary which functions to 'interpret [a] guideline or explain how it is to be applied,' U.S.S.G. § 1B1.7, controls." Stinson v. United States, 508 U.S. 36, 42 (1993).

supervised release "may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct." U.S.S.G. § 7B1.1, comment. (n.1). "[T]he grade of the violation is to be based on the defendant's actual conduct." Id. Violation 5 alleges the Cade was observed in person and on video footage to be in possession of a handgun during a controlled cannabis purchase. The underlying facts of Cade's alleged conduct—which unequivocally constitutes "new criminal conduct"—controls regardless of the violation's characterization as "new criminal conduct," vel non.

Cade argues for the first time in his reply brief that the omission of the "new criminal conduct" language is important because without it the petition violated his due process rights by failing to alert him to the alleged violation. But as we have repeatedly held, "[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'" United States v. Coy, 19 F.3d 629, 632 n.7 (11th Cir 1994). Nevertheless, even if it had been raised in his opening brief, Cade's argument would still fail. To be sure, due process requires that a defendant be given notice of the claimed violations of his supervised release. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972). But this Court's predecessor held that a district court did not abuse its discretion in finding no due process violation where a probation revocation petition stated only that the reason for revocation was "[a]rrest and possession of marihuana on November 24, 1974." United States v.

Evers, 534 F.2d 1186, 1187–88 (5th Cir. 1976).  Here, the petition plainly stated that the reason for the revocation was that Cade had been seen by an Orlando police confidential informant in person and on video footage to be in possession of a handgun secured to his hip during a controlled cannabis purchase.  This description, like the description in Evers, was sufficient to put Cade on notice of the violation that gave rise to the revocation.

Cade further argues that even if Violation 5 stated that it was alleging "new criminal conduct," his conduct would not constitute a Grade A violation. The first problem for Cade here is that he conceded before the district court that his conduct would have constituted a Grade A violation had it been labeled "new criminal conduct."  See United States v. Phillips, 834 F.3d 1176, 1183 (11th Cir. 2016) (explaining that when a litigant intentionally relinquishes a right before the district court, there can be no error).  But even if Cade had preserved the argument, we would still reject it.  Grade A violations include, among other things, "federal, state, or local offense[s] punishable by a term of imprisonment exceeding twenty years." U.S.S.G. § 7B1.1(a)(1)(B).[2]  In Florida state court, Cade was convicted of being a felon in possession of a firearm, which is a second-degree felony. Fla. Stat.

---

[2] The government relies solely on U.S.S.G. § 7B1.1(a)(1)(B) for affirmance, and not on U.S.S.G. § 7B1.1(a)(1)(A), which includes "a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a)."

§ 790.23(1)(a).  Under Florida law, a second-degree felony is ordinarily punishable by a term not to exceed 15 years.  Fla. Stat. § 775.082(3)(d). Cade argues that his conduct therefore does not constitute a Grade A violation based on commission of a Florida crime because it was not punishable by more than 20 years.  Florida's habitual offender statute, however, raises the maximum term of imprisonment for a second-degree felony conviction to 30 years if the defendant is a "habitual felony offender."  Fla. Stat. § 775.084(4)(a)(2).  The statute provides a number of reasons a defendant may be classified as a "[h]abitual felony offender."  One of those reasons is that "[t]he felony for which [he is being] sentenced was committed . . . [w]hile [he] was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for a felony or other qualified offense."  Id.  § 775.084(1)(a)(2)(a).  Because Cade's conduct occurred while he was on supervised release, the habitual felony offender statute would apply, and his sentence could have exceeded 20 years under Florida law.

Applying a state's habitual offender statute to determine the grade of a violation of supervised release is consistent with this Court's precedent.  United States v. Boisjolie, 74 F.3d 1115, 1116–17 (11th Cir. 1996).  In Boisjolie, this Court held that the district court correctly used the maximum sentence available under Alabama's Habitual Felony Offender Act in determining whether conduct

constituted a Grade A violation because it was a crime punishable by more than 20 years.  Id.  This Court explained that the defendant's criminal conduct was not merely committing the offense but committing it as a habitual offender, which is consistent with the Guidelines' objective of tailoring punishment to fit the individual criminal and crime committed.  Id. at 1116 (citing U.S.S.G. Ch. 1, Pt.A, intro comment., at 2).  Boisjolie is applicable to Cade's case even though, unlike Boisjolie, he was not charged as a habitual offender in Florida because the Guidelines commentary provides that the grade of the violation is to be determined based on the defendant's *actual conduct* rather than the conduct that is subject to criminal charges or conviction.  U.S.S.G. § 7B1.1, commentary, at n.1.  Therefore, even if Cade had not expressly waived the argument that his conduct would not qualify as a Grade A violation had it been labeled as "new criminal conduct," that argument fails because he committed a state crime punishable by more than 20 years.

The government argues that Cade's conduct would also qualify as a Grade A violation based on 18 U.S.C. § 924(c). Section 924(c)(1)(A) provides that:

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentence to a term of imprisonment of not less than 5 years.

Violation 5 of the petition reported that during a controlled cannabis purchase, Cade was seen by an Orlando police confidential informant wearing a handgun on his hip.  This conduct establishes a violation of section 924(c), which is a crime punishable by imprisonment exceeding 20 years.  See United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993) (explaining that when a statute provides a mandatory minimum sentence but no maximum, the maximum sentence is life imprisonment).

Moreover, Cade's violation of 18 U.S.C. § 924(c) also could have been charged under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because of his prior controlled substance convictions. Section 924(e) imposes an enhanced sentence for possession of a firearm by a person convicted of "a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), where the defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1).  The minimum sentence under section 924(e) is 15 years' imprisonment, and the maximum sentence is life imprisonment. See Brame, 997 F.2d at 1428 (holding that the statutory maximum under section 924(e) is life imprisonment).

Because Cade bears the burden of showing that his sentence is unreasonable and he argues only that the district court miscalculated the guidelines range, our review is limited to determining whether the district court committed procedural

11

error.  See Trailer, 827 F.3d at 936.  Because we conclude that the district court did not commit procedural error in determining that Cade's conduct constituted a Grade A violation since it was punishable by more than 20 years, we affirm.

The judgment of the district court is

**AFFIRMED.**