[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No.  20-11044
Non-Argument Calendar

————————————————

D.C. Docket No. 5:17-cr-00275-AKK-GMB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY ROY WILLIAMS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(October 2, 2020)

Before NEWSOM, BRANCH and LAGOA, Circuit Judges.

PER CURIAM:

Terry Williams appeals his 21-month prison sentence imposed upon

revocation of his supervised release under 18 U.S.C. § 3583(e).  Williams argues

that the district court erred in determining that his conviction for Alabama second-

degree property theft constituted a Grade A violation because it relied on the enhanced maximum imprisonment sentence, under the Alabama Habitual Felony Offender Act ("HFOA"), rather than the statutory maximum sentence for that offense. The government has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review a sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). The reasonableness of a sentence is reviewed under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). A court must consider certain factors set forth in 18 U.S.C. § 3553(a) before it may revoke a defendant's supervised release. 18 U.S.C. § 3583(e)(3). The party who challenges a sentence imposed upon revocation of supervised release bears the burden to show

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The advisory guideline range for a sentence imposed upon revocation of supervised release is calculated by the grade classification of the violation of supervised release, as determined by § 7B1.1(a)(1)-(3) of the Sentencing Guidelines, and the criminal history category that was "determined at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4(a) & comment. (n.1). A Grade A violation includes any conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding 20 years. *Id.* § 7B1.1(a)(1). A Grade B violation is "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year" that does not qualify as a Grade A violation. *Id.* § 7B1.1(a)(2).

In *Boisjolie*, the defendant violated his supervised release by committing theft by deception in Alabama, which normally carried a maximum sentence of 20 years' imprisonment. *United States v. Boisjolie*, 74 F.3d 1115, 1116 (11th Cir. 1996). However, because Boisjolie's prior convictions qualified him as a habitual felony offender, he was sentenced under the HFOA, and was therefore subject to life imprisonment. *Id.* The district court determined that Boisjolie's violation of supervised release constituted a Grade A violation. *Id.* We held that the district court did not err in determining the violation grade by applying the maximum

sentence under the HFOA rather than the maximum sentence for theft by deception. *Id.* at 1116-17. We explained that "Boisjolie's criminal conduct was not merely the commission of the crime of theft by deception, but rather his commission of the theft as a habitual offender." *Id.* at 1116.

Under the prior precedent rule, we are "bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019). "[T]here is no exception to the rule where the prior panel failed to consider arguments raised before a later panel." *Id.*

Here, the government is correct as a matter of law that Williams's only challenge on appeal is foreclosed by our decision in *Boisjolie*. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Specifically, the district court relied on the maximum sentence for Williams's property theft conviction under the HFOA, which was 15 to 99 years' imprisonment, in determining that the conviction constituted a Grade A violation. We directly addressed this issue in *Boisjolie*, holding that, where a defendant is sentenced under the HFOA, the defendant's violation grade should be determined using the HFOA sentence. *See Boisjolie*, 74 F.3d at 1116-17. Like in *Boisjolie*, "[Williams's] criminal conduct was not merely the commission of the crime of theft [of property], but rather his commission of the theft as a habitual offender." *See id.* at 1116.

Thus, based on the applicable range of imprisonment for the property theft offense, the district court correctly determined that the conviction constituted a Grade A violation. *See* U.S.S.G. § 7B1.1(a)(1). And under the chart in § 7B1.4, the district court properly determined that Williams's guideline range for the Grade A violation was 15 to 21 months' imprisonment based on a criminal history category of II from his original sentencing. *See id.* § 7B1.4(a). It does not matter that Williams's sentence for the Alabama crime included only 12 months' imprisonment because the relevant question is only whether the crime was "punishable" by more than 20 years' imprisonment, which it was. *See id.* § 7B1.1(a)(1).

Williams's argument that *Boisjolie* did not address whether district courts could consider other statutes in determining the grade violation misconstrues *Boisjolie*'s holding. As explained above, *Boisjolie* directly addressed the question Williams raises on appeal—whether the district court erred by considering the maximum sentence for his Alabama property theft offense under HFOA rather than the statutory maximum sentence for the offense. *See Boisjolie*, 74 F.3d at 1116-17. In essence, the "other statute" that Williams contends the district court should have considered was the statute setting forth the statutory maximum sentence for Alabama second degree property theft, but in *Boisjolie*, we specifically held that district courts should not consider the unenhanced statutory maximum when the HFOA enhancement applies. *See id.* Therefore, Williams's contentions that *Boisjolie*

5

should be distinguished and that we should apply the state decision he relies on are without merit because *Boisjolie* is directly on point and we are bound by our published precedent. *See Gillis*, 938 F.3d at 1198.

Thus, as there is no substantial question that Williams's only challenge on appeal is foreclosed by *Boisjolie*, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly, we DENY AS MOOT the government's motion to stay the briefing schedule.